IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KERRY CONNOR | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 06-2831 |
| | : | |
| CORPORATE LIFE CONSULTANTS and | : | |
| PAUL J. CONNOLLY | : | |

**MEMORANDUM AND ORDER**

**Juan R. Sánchez, J.**                                                                                            **September 29, 2006**

Corporate Life Consultants and Paul Connolly ask this Court to dismiss Kerry Connor's Complaint and to award attorneys' fees and costs. Corporate Life filed a Motion to Dismiss which precipitated a Praecipe to Withdraw the Complaint from Connor. Corporate Life argues it is entitled to attorneys' fees and costs because Connor ignored several communications from Corporate Life outlining the defects in her Complaint. Because I find no reason to penalize Connor, I will deny Corporate Life's Motion.

**FACTS**

Connor alleged her layoff by Corporate Life was the result of gender and age discrimination in violation of federal law.[1] Corporate Life filed a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) asserting the company never hired the requisite 15 or 20 people to subject it to federal law and asserting Connor at age 36 did not meet the threshold requirement of age 40 to allege age discrimination. The same day, Connor filed her praecipe to withdraw the action.

---

[1]Connor cited Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-34.

1

**DISCUSSION**

Because Corporate Life included an affidavit and a wage form, matters outside the pleading, with its Motion to Dismiss, I must treat the motion as one for summary judgment. Fed. R. Civ. P. 12(b). Connor's Praecipe to Withdraw her complaint obviates the requirement of Rule 12(b) that I afford all parties a reasonable opportunity to present all material pertinent to the motion. *Id.*

Because I treat Corporate Life's motion as one for summary judgment, Connor is foreclosed from effecting a voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1), which only permits dismissal without order of court "before service . . . of an answer or of a motion for summary judgment. . ." Fed. R. Civ. P. 41(a)(1).

A voluntary dismissal without prejudice is not a matter of right. *Zagano v. Fordham University*, 900 F.2d 12, 14 (2d Cir.1990); Fed. R. Civ. P. 41(a)(2). The decision whether to grant such a dismissal is within the sound discretion of the Court. *Ferguson v. Eakle*, 492 F.2d 26, 28 (3d Cir. 1974); *Fisher v. Puerto Rico Marine Management, Inc.*, 940 F.2d 1502, 1502-03 (11th Cir. 1991). Such dismissal should be allowed unless the defendants would suffer some prejudice from the dismissal. *General Dev. Corp. v. Binstein*, 743 F. Supp. 1115, 1138-39 (D.N.J. 1990). The prejudice must be substantial, "the prospect of a subsequent lawsuit is not sufficient to deny a motion without prejudice." *Id.* (citations omitted). The factors which inform my decision are: (1) whether the expense of a second litigation would be excessive and duplicative; (2) how much effort and expense the defendant expended in preparing for the current trial; (3) the extent to which the case has progressed; (4) the plaintiff's diligence in bringing the motion to dismiss; and (5) whether the dismissal is designed to evade federal jurisdiction and frustrate the removal statute's purpose. *Peltz v. Sears, Roebuck & Co.*, 367 F. Supp. 2d 711, 715-16 (E. D. Pa. 2005).

Applying the factors enumerated in *Peltz*, I find little expense and effort has been expended at this early stage of the case and Connor's praecipe to withdraw was promptly filed. I will, therefore, deny Corporate Life's Motion to Dismiss counts I, III, IV, and V with prejudice.

Attorneys' fees are available under Rule 41(a)(2) because the Court has the discretion to dismiss an action "upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2); *Puerto Rico Maritime Shipping Auth. v. Leith*, 668 F.2d 46, 51 (1st Cir. 1981); *Bready v. Geist*, 85 F.R.D. 36, 36 (E.D. Pa. 1979). Generally, fees and costs are not awarded when an action is dismissed without prejudice because "[t]he purpose of the awards in such cases is to compensate the defendant for having incurred the expense of trial preparation without the benefit of a final determination of the controversy." *John Evans Sons, Inc. v. Majik-Ironers, Inc.*, 95 F.R.D. 186, 191 (E.D. Pa. 1982). In this case, Corporate Life has incurred little if any expense for trial preparation.

A district court also may impose attorneys' fees as a sanction under its inherent power. *Pennsylvania v. Flaherty*, 40 F.3d 57, 62 (3d Cir. 1994); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) (holding "district courts may enforce [sanctions] even after the plaintiff has filed a notice of dismissal under Rule 41(a)(1)."). Attorneys fees under section 1927[2] are caused by unjustified failure to comply with discovery orders or pretrial orders. *See* Fed. R. Civ. P. 16(f), 37(a)(4), 37(b), 37(d) and 37(g); *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 869 (3d Cir. 1984). Before the Court may order payment of attorneys' fees under section 1927, it must find

---

[2] 28 U.S.C. § 1927 states:
> Any attorney or other person . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

willful bad faith on the part of the offending attorney. *Ferguson v. Eakle*, 492 F.2d 26, 28-29 (3d Cir. 1974); *Shaw Group, Inc. v. Picerne Inv. Corp.*, 235 F.R.D. 68, 70 (W.D. Pa. 2005).

In this case Corporate Life was not put to such inconvenience as to require protection under Rule 41(a)(2), nor was Connor's conduct sufficiently willful to require an award under section 1927.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KERRY CONNOR | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 06-2831 |
| | : | |
| CORPORATE LIFE CONSULTANTS and | : | |
| PAUL J. CONNOLLY | : | |

**ORDER**

And now this 29th day of September, 2006, it is hereby ORDERED Plaintiff's Complaint is DISMISSED without prejudice and Defendant's Petition to Dismiss (Document 7) is DENIED. Each party to bear its own attorney fees and costs. The above-captioned case shall be closed for statistical purposes.

BY THE COURT:

\s\ Juan R. Sánchez
Juan R. Sánchez, J.